UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO 1300 L Street, N.W. Washington, D.C. 20005, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| UNITED STATES POSTAL SERVICE, 475 L'Enfant Plaza, S.W. Washington, D.C. 20260, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

This is an action to enforce an arbitration award brought in accordance with the Postal Reorganization Act, 39 U.S.C. § 1208, by the American Postal Workers Union, AFL-CIO ("APWU" or "Union") against the United States Postal Service ("Postal Service"). The APWU seeks an order from the Court enforcing and directing the Postal Service's compliance with a national arbitration award concerning the premature and unilateral implementation of the Electronic Workhour Estimator Program ("eWHEP") issued by Arbitrator Ira F. Jaffe on October 19, 2015 ("Jaffe Award").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under the Postal Reorganization Act, 39 U.S.C §§ 409 and 1208(b), and under 28 U.S.C. §§ 1331, 1337 and 1339.

2.      Venue properly lies in this Court pursuant to 39 U.S.C. § 1208(b) and 28 U.S.C. § 1391(b).

**PARTIES**

3.    Plaintiff APWU is an unincorporated labor organization with headquarters at 1300 L Street, N.W., Washington, D.C. 20005. The APWU is party to a collective bargaining agreement with Defendant Postal Service and is recognized as the exclusive bargaining representative of postal employees in the clerk, maintenance and motor vehicle crafts nationwide in accordance with 39 U.S.C. § 1203.

4.    Defendant Postal Service is, pursuant to 39 U.S.C. § 201, an independent establishment of the executive branch of the United States Government. The Postal Service's headquarters are located at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

**FACTUAL ALLEGATIONS**

5.    Plaintiff APWU and Defendant Postal Service are parties to a collective bargaining agreement ("the National Agreement") that sets forth the terms and conditions of employment of employees in the bargaining units represented by the APWU, including the Maintenance Craft.

6.    The Maintenance Craft consists of employees working in positions such as electronic technicians, building mechanics, machinists, mail processing equipment mechanics and custodians.

7.    Maintenance Craft employees work at the Postal Service's twenty-one (21) Network Distribution Centers ("NDCs") located across the country.

8.    NDCs are large, mechanized, industrial facilities that handle and process Priority Mail, parcels and trays of envelope mail.

9.    NDCs are also referred to as Bulk Mail Centers ("BMCs").

10.    Postal Service headquarters regularly issues directives concerning maintenance work to field-level Maintenance managers in the form of Maintenance Management Orders ("MMOs").

11.    The Postal Service calculates the number of maintenance employees for each NDC by creating a maintenance staffing package.

12.    In 2004, the Postal Service started using a program called "BMC Gold," issued as MMO-022-04, to create staffing packages for maintenance employees at the NDCs.

13.    As early as 2009, the Postal Service started implementing a new maintenance employee staffing program it had designed called the Electronic Workhour Estimator Program ("eWHEP"), issued as MMO-12-10, in select cities across the country.

14.    eWHEP is the electronic version of its predecessor, "WHEP" (the Workhour Estimator Program).

15.    The Postal Service designed WHEP to create maintenance staffing packages for "Processing & Distribution Centers" i.e. plants that are responsible for processing single piece letter and flat mail.

16.    WHEP was expressly not intended for use in the BMC environment.

17.    eWHEP is a web-based method of calculating maintenance staffing packages and BMC Gold is a software-based method of calculating maintenance staffing packages.

18.    Both BMC Gold and eWHEP treat postal equipment and machinery as "inputs" and produce maintenance staffing packages as "outputs."

19.    The APWU is able to independently verify the accuracy of maintenance staffing packages produced by BMC Gold, but cannot independently verify the accuracy of staffing packages generated by eWHEP.

20.     Despite requests from the APWU, the Postal Service has not verified for the APWU that maintenance staffing packages produced under eWHEP and BMC Gold will yield the same output (staffing package) when provided the same inputs (equipment and machinery) at NDCs.

21.     Article 19 of the National Agreement sets forth the process for the APWU to receive, review, discuss and dispute Postal Service changes to "handbooks, manuals and published regulations of the Postal Service, that directly relate to wages, hours or working conditions, as they apply to employees covered by [the National] Agreement."

22.     Article 19 provides notice and information requirements for Postal Service changes to covered "handbooks, manuals and published regulations."

23.     Article 19 requires that all handbook and manual changes be fair, reasonable and equitable and that they not be inconsistent or in conflict with the National Agreement.

24.     Violations of Article 19 can be grieved by the APWU and arbitrated by the parties through dispute resolution procedures set forth in the National Agreement, including in Article 19 itself.

25.     On April 13, 2006, the parties mutually agreed that all "Maintenance Management Orders (MMO's) concerning staffing" are Article 19 handbooks and manuals.

26.     The APWU filed an Article 19 dispute over the Postal Service's Draft MMO mmo09134AD – Interim Staffing Guidelines for Network Distribution Centers (NDC) (USPS No. Q06T4QC11004742).

27.     The APWU filed a separate Article 19 dispute over the Postal Service's Draft MMO mm09134af – Maintenance Work Hour Estimating Guide for Network Distribution Centers (USPS No. Q06T4QC11155080).

28.   On March 17, 2011, the parties agreed to combine the two disputes and identify Q06T4QC11155080 as the lead dispute.

29.   In the consolidated dispute, the APWU contended that the Postal Service's premature implementation of eWHEP, as promulgated through the MMOs underlying the two disputes, failed to meet the notice and information requirements set forth in Article 19.

30.   In this dispute, the APWU also contended that the use of eWHEP contributed to a decrease in maintenance staffing levels nationwide.

31.   On March 25, 2011, the APWU appealed Q06T4QC11155080 to arbitration.

32.   The consolidated dispute was heard in seven (7) days of hearing over seven (7) months by arbitrator Ira Jaffe who was mutually-selected by the parties to decide Article 19 disputes.

33.   Arbitrator Jaffe issued an award on October 19, 2015, in which he sustained the APWU's dispute that the Postal Service violated Article 19 when it "proceeded to implement MMO 112-10 prior to satisfying the express conditions on consultation and information disclosure that were agreed contractually to be predicates to moving forward unilaterally with changes of this type."

34.   Jaffe found that the Postal Service "failed to disclose sufficient, detailed, relevant information regarding the purpose and effect of the proposed change or to provide direct documentation from the managers who requested the change and oral explanations at the Article 19 hearing from managers who were knowledgeable about the purpose and effect of the proposed changes to satisfy the requirements of Article 19."

35.   To remedy the violation he found, Arbitrator Jaffe ordered the Postal Service to "cease and desist from using MMO-112-10 (eWHEP), and to return to using MMO-022-04

(BMC Gold), to prepare Maintenance staffing packages fort the NDCs, unless and until the Postal Service complies in full with the requirements imposed by Article 19."

36.    The APWU asked Arbitrator Jaffe to award back pay, but Arbitrator Jaffe declined noting that "it appears from the testimony that a number of changes that the Union asserts were the result, in whole or in part, of replacing MMO-022-04 with MMO-112-10 (e.g., reductions in authorized maintenance staffing at a number of NDCs, changes in overtime assignments, etc.) are the subject of separate local grievances."

37.    To date, the Postal Service has not reissued eWHEP or otherwise complied in full with the requirements of Article 19 for the proper issuance of eWHEP.

38.    In a November 9, 2015 letter from Postal Service Contract Administration Manager Patrick M. Devine to APWU Maintenance Division Director Steven G. Raymer, the Postal Service wrote:

> Managers have been advised **not** to prepare any new staffing packages for NDCs using MM0-112-10 (eWHEP)...There is no requirement in the award to change or update existing staffing packages, and as such it is the intent of the Postal Service to maintain existing staffing packages until such time as a new staffing package is required.

(emphasis added).

39.    Staffing packages are required to be changed or updated only when the type or amount of postal equipment or machinery in an NDC changes.

40.    To date, the Postal Service has failed and refused to use BMC Gold to create staffing packages unless there has been a change or update necessitating a new package. The APWU is unaware of any circumstances at any NDC since the Jaffe Award was issued that would necessitate a change or update to existing staffing packages.

41.     Consequently, the current staffing packages at all 21 NDCs are the staffing packages invalidated by Arbitrator Jaffe in his Award.

42.     The Postal Service's failure and refusal to use BMC Gold except "in the event a new staffing package is required" directly contravenes Arbitrator Jaffe's Award to "cease and desist from using MMO-112-10 (eWHEP), and to return to using MMO 022-04 (BMC Gold), to prepare Maintenance Staffing packages for the NDCs."

43.     The Jaffe Award is final and binding in accordance with Article 15.5.A.6 of the National Agreement.

44.     Arbitrator Jaffe did not retain jurisdiction to address issues of remedy or compliance with his award.

45.     The Postal Service has not sought to vacate the Jaffe Award.

46.     Local grievances regarding the premature implementation of eWHEP at NDCs across the country were held in abeyance, by agreement between the Postal Service and the APWU, pending the results of the arbitration of dispute Q06T4QC11155080.

47.     The Postal Service has failed and refused to release the grievances held in abeyance pending the outcome of the Jaffe Award.

### CAUSE OF ACTION – ENFORCING THE JAFFE AWARD

48.     The Postal Service is, in accordance with the parties' contractual dispute resolution process, obligated to comply with the final and binding Jaffe Award.

49.     The Postal Service has failed and refused to update NDC staffing packages using BMC Gold (MMO-022-04).

50.     The Postal Service has failed and refused to release pending local grievances for the parties and/or regional arbitrators to apply the Jaffe Award to their facts and determine whether back pay for employees is appropriate.

51.     By its actions, the Postal Service has breached the National Agreement by failing and refusing to comply with the Jaffe Award.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff APWU asks that this Court issue an Order:

(1)     directing the Postal Service to comply with Arbitrator Jaffe's October 30, 2015 Award;

(2)     directing the USPS to implement the present-day authorized staffing package MMO-022-04 (BMC) in all twenty-one (21) NDCs, including all positions that the current MMO-022-04 staffing package supports;

(3)     directing the Postal Service to release for adjudication or settlement the grievances held in abeyance pending the outcome of the Jaffe Award;

(4)     directing the Postal Service to pay APWU's fees and costs, including attorneys' fees, incurred in this action; and

(5)     granting the APWU such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

MURPHY ANDERSON PLLC

Date: December 11, 2015

Brenda C. Zwack (D.C. Bar # 482673)
Melinda K. Holmes (D.C. Bar #458043)
Divya Vasudevan (D.C. Bar #1022066)
1300 L Street, N.W., Suite 1210
Washington, D.C. 20005
Phone: (202) 223-2620
Fax: (202) 560-5893
mholmes@murphypllc.com
dvasudevan@murphypllc.com

Attorneys for the American Postal Workers Union,
AFL-CIO